Citation Nr: 1434270 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 09-44 594 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to service connection for a low back disorder. 


REPRESENTATION

Appellant represented by: New York State Division of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

Veteran, Veteran's spouse


ATTORNEY FOR THE BOARD

T. Mainelli, Counsel


INTRODUCTION

The Veteran served on active duty from May to July 1980. 

This matter is on appeal from decisions in August 2008 and June 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. See Buie v. Shinseki, 24 Vet. App. 242 (2010).

The Veteran testified before the RO in January 2010 and before the undersigned Veterans Law Judge (VLJ) in August 2010. A transcript of the hearing is of record.

In a February 2011 decision, the Board reopened the claim on appeal, which had been previously denied, and remanded the issue for further development. 

In February 2012, the Board issued a decision which denied service connection for a low back disorder.

Pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs (NOVA), 725 F3d. 1312 (Fed Cir. 2013), the Board's February 2012 decision was identified as having been potentially affected by an invalidated rule relating to the duties of the undersigned during the August 2010 hearing. In order to remedy any such potential error, the Board sent the Veteran a letter notifying him of an opportunity to receive a new hearing and/or a new decision from the Board. 

In response, the Veteran requested the Board to vacate its February 2012 decision and to issue a new decision after being afforded the opportunity for a new hearing. In June 2014, the Board vacated its February 2012 decision. The remand below will satisfy the Veteran's request for a new hearing.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has requested a new Travel Board hearing in response to the NOVA settlement agreement discussed in the Introduction section. Accordingly, the case must be returned to the RO to schedule such a hearing. 38 U.S.C.A. § 7107; 38 C.F.R. §§ 19.75, 19.76, 20.703, 20.704.

Accordingly, the case is REMANDED for the following action:

The RO should schedule the Veteran for a Travel Board hearing in the order that the request was received. After a hearing is conducted, or if the Veteran withdraws his hearing request or fails to report for the scheduled hearing, the claims file should be returned to the Board for appellate review. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
K. OSBORNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).