Citation Nr: 1536801 
Decision Date: 08/28/15 Archive Date: 09/04/15

DOCKET NO. 10-11 836 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Baltimore, Maryland


THE ISSUES

1. Entitlement to a rating in excess of 80 percent for keloid scars of the face and neck.

2. Entitlement to a total rating based upon individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel



INTRODUCTION

The Veteran had active duty service from June 1988 to February 1997.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico. Jurisdiction over this matter was subsequently transferred to the Baltimore, Maryland, RO.

The Board notes that the issue of entitlement to a TDIU was not certified for appeal. However, when evidence of unemployability is submitted during the course of an appeal from an assigned rating, a claim for a TDIU will be considered part and parcel of the claim for benefits for the underlying disability. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). In the present case, in a May 2012 statement, the Veteran wrote that she had been unable to work since December 2011 due to her service-connected disabilities. Consequently, the issue of entitlement to a TDIU has been raised. Therefore, as the Board has jurisdiction over such issue as part and parcel of the Veteran's increased rating claim, it has been listed on the first page of this decision.

The Board also notes that the Veteran is currently in receipt of a 100 percent combined schedular rating for her various service connected disabilities. The United States Court of Appeals for Veterans Claims (Court) has noted that VA has a "well-established" duty to maximize a claimant's benefits. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); AB v. Brown, 6 Vet. App. 35, 38 (1993); see also Bradley v. Peake, 22 Vet. App. 280 (2008). This duty to maximize benefits requires VA to assess all of a claimant's disabilities to determine whether any combination of disabilities establishes entitlement to special monthly compensation SMC (SMC) under 38 U.S.C.A § 1114 (West 2014). See Bradley, 22 Vet. App. 280, 294 (2008) (finding that SMC benefits are to be accorded when a Veteran becomes eligible without need for a separate claim"). 

Subsection 1114(s) requires that a disabled Veteran whose disability level is determined by the ratings schedule must have at least one disability that is rated at 100 percent in order to qualify for the special monthly compensation provided by that statute. Under the law, subsection 1114(s) benefits are not available to a Veteran whose 100 percent disability rating is based on multiple disabilities, none of which is rated at 100 percent disabling. Although not rated as 100 percent disabling, of SMC purposes, a TDIU satisfies the requirement of a "service-connected disability rated as total." See Buie, supra at 251; see also Bradley, supra at 293. As such, the issue of TDIU needs to be addressed despite the Veteran's 100 percent combined schedular rating for her various service-connected disabilities.

The Board notes that, subsequent to the issuance of the February 2010 statement of the case, additional evidence, including various private psychiatric treatment notes, VA treatment records dated from August 2013 to August 2014 and a June 2015 VA psychiatric Disability Benefits Questionnaire (DBQ) report, were added to the record after the issuance of the March 2010 statement of the case. The Veteran has not waived initial agency of original jurisdiction (AOJ) consideration of such records. However, as the Veteran's claims are being remanded, the AOJ will have an opportunity to review the newly associated documents such that no prejudice results to her in the Board considering such evidence for the limited purpose of issuing a comprehensive and thorough remand. 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claims so that she is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015). 

The Veteran, in a June 2015 VA psychiatric DBQ report, stated that she had been awarded Social Security Administration (SSA) disability benefits. The basis of this award is not clear from the current record. The Board notes that VA has a duty to obtain SSA records when it has actual notice that the Veteran is receiving SSA benefits. Murincsak v. Derwinski, 2 Vet. App. 363 (1992). Accordingly, on remand, the Veteran's complete SSA records, including all administrative decision(s) on her application for SSA disability benefits and all underlying medical records, should be obtained on remand. 

Additionally, as noted in the Introduction, the issue of entitlement to a TDIU has been raised by the record. Specifically, in a May 2012 statement, the Veteran reported that she had been unable to work due to her service-connected disabilities since December 2011. Therefore, upon remand, the AOJ should conduct all appropriate development, to include providing the Veteran with Veterans Claims Assistance Act of 2000 (VCAA)-compliant notice as to a TDIU, requesting her to complete and return VA Form 21-8940 (Veteran's Application for Increased Compensation Based on Unemployability), obtaining any outstanding treatment records, and affording her any VA examinations or opinions deemed necessary to decide the claim. In this regard, the Board notes that the ultimate question of whether a Veteran is capable of substantial gainful employment is not a medical one; rather, that determination is for the adjudicator. 38 C.F.R. § 4.16(a); Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013). However, medical examiners are responsible for providing a full description of the effects of disability upon the person's ordinary activity. 38 C.F.R. § 4.10; Floore v. Shinseki, 26 Vet. App. 376, 381 (2013).

Additionally, while on remand, the Veteran should be given an opportunity to identify any records relevant to the claims on appeal that have not been obtained. Thereafter, all identified records, to include updated VA treatment records from the Coatesville, Baltimore, and Perry Point VA Medical Centers dated from August 2014 to the present, should be obtained. Finally, the Veteran's claim should be readjudicated on the entirety of the evidence, to include such received after the issuance of the March 2010 statement of the case, which encompasses the additional evidence referenced in the Introduction.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be provided with proper VCAA notice that informs her of the evidence and information necessary to establish entitlement to a TDIU. She should also be requested to complete and return VA Form 21-8940 (Veteran's Application for Increased Compensation Based on Unemployability).

2. The Veteran should be given an opportunity to identify any outstanding private or VA treatment records relevant to the claims on appeal. After obtaining any necessary authorization from the Veteran, all outstanding records, to include updated VA treatment records from the Coatesville, Baltimore, and Perry Point VA Medical Centers dated from August 2014 to the present, should be obtained.

For private treatment records, make at least two (2) attempts to obtain records from any identified sources. If any such records are unavailable, inform the Veteran and afford her an opportunity to submit any copies in his possession.

For federal records, all reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. Contact the Social Security Administration (SSA) and request the Veteran's complete SSA records, including all administrative decision(s) on her application for SSA disability benefits and all underlying medical records which are in SSA's possession. All reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e). 

4. Conduct any additional development deemed necessary for the adjudication of the Veteran's TDIU claim, to include affording her any VA examinations or opinions deemed necessary to decide the claim.

5. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claims should be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and her representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.


Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).