Citation Nr: 1714084 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 12-23 937 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to special monthly compensation (SMC) based upon the need for aid and attendance and/or housebound status.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Douglas, Counsel



INTRODUCTION

The appellant is the surviving spouse of the Veteran and has been accepted as the substitute in his appeal. The Veteran served on active duty from February 1952 to February 1954. He died in July 2016.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2011 rating decision by the Waco, Texas, Regional Office (RO) of the Department of Veterans Affairs (VA).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014). The Board notes that the representative filed another motion to advance the case on the docket in March 2017. As that motion is superfluous, the Board will proceed with the appeal.


FINDING OF FACT

The evidence does not demonstrate that the Veteran was permanently bedridden or in need of regular aid and attendance as a result of his service-connected disabilities.


CONCLUSION OF LAW

The criteria for entitlement to SMC based upon the need for aid and attendance and/or housebound status have not been met. 38 U.S.C.A. § 1114 (West 2014); 38 C.F.R. § 3.350 (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016). The duty to notify has been met. See VA correspondence dated in August 2010. Neither the Veteran, the appellant, nor their representative, has alleged prejudice with regard to notice. The Federal Court of Appeals has held that "absent extraordinary circumstances...it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the veteran...." See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). In light of the foregoing, nothing more is required.

The notice requirements pertinent to the issue on appeal have been met and all identified and authorized records relevant to the matter have been requested or obtained. The available record includes service treatment records, VA treatment and examination reports, non-VA (private) treatment records, Social Security Administration (SSA) records, and statements in support of the claim. Although the treatment records associated with the Veteran's final illness are not of record, the Board finds there is no evidence of any additional existing records identified as pertinent to the present appeal. Further attempts to obtain additional evidence would be futile.

The medical opinions obtained in this case are adequate as they are predicated on a substantial review of the record and medical findings and consider the Veteran's complaints and symptoms. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). The Board notes that in correspondence dated in July 2016 the appellant asserted that the Veteran had fallen a broken his hip due to his service-connected disabilities, but finds that as he is unavailable for examination there is no reasonable possibility that further VA assistance as to this matter could substantiate the present claim. The appellant is not competent to provide opinions as to medical etiology. See King v. Shinseki, 700 F.3d 1339, 1345 (Fed. Cir. 2012). The available medical evidence is sufficient for an adequate determination of the issue on appeal. There has been substantial compliance with all pertinent VA law and regulations and to adjudicate the claim would not cause any prejudice to the appellant.

Special Monthly Compensation

SMC is awarded to a Veteran who, as a result of service-connected disabilities, has the anatomical loss or loss of use of both feet, or of one hand and one foot, or is blind in both eyes, with 5/200 visual acuity or less, or is permanently bedridden or with such significant disabilities as to be in need of regular aid and attendance. 38 U.S.C.A. § 1114(l) (West 2014). 

SMC is provided if a Veteran, as the result of service-connected disability, has the anatomical loss or loss of use of both hands, or of both legs with factors preventing natural knee action with prostheses in place, or of one arm and one leg with factors preventing natural elbow and knee action with prostheses in place, or has suffered blindness in both eyes having only light perception, or has suffered blindness in both eyes, rendering such veteran so significantly disabled as to be in need of regular aid and attendance. 38 U.S.C.A. § 1114(m).

SMC is provided if a Veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of both arms with factors preventing natural elbow action with prostheses in place, has suffered the anatomical loss of both legs with factors that prevent the use of prosthetic appliances, or has suffered the anatomical loss of one arm and one leg with factors that prevent the use of prosthetic appliances, or has suffered the anatomical loss of both eyes, or has suffered blindness without light perception in both eyes. 38 U.S.C.A. § 1114(n).

SMC is provided if a Veteran, as the result of service-connected disability, has suffered disability under conditions which would entitle such veteran to two or more of the rates provided in one or more subsections (l) through (n) of 38 U.S.C.A. § 1114, no condition being considered twice in the determination, or if the veteran has suffered bilateral deafness (and the hearing impairment in either one or both ears is service connected) rated at 60 percent or more disabling and the veteran has also suffered service-connected total blindness with 20/200 visual acuity or less, or if the veteran has suffered service-connected total deafness in one ear or bilateral deafness (and the hearing impairment in either one or both ears is service connected) rated at 40 percent or more disabling and the veteran has also suffered service-connected blindness having only light perception or less, or if the veteran has suffered the anatomical loss of both arms with factors that prevent the use of prosthetic appliances. 38 U.S.C.A. § 1114(o).

SMC is provided if in the event a Veteran's service-connected disabilities exceed the requirements for any of the rates prescribed, VA may allow the next higher rate or an intermediate rate, subject to an identified maximum. In the event a veteran has suffered service-connected blindness with 5/200 visual acuity or less and (1) has also suffered bilateral deafness (and the hearing impairment in either one or both ears is service connected) rated at no less than 30 percent disabling, VA shall allow the next higher rate, or (2) has also suffered service-connected total deafness in one ear or service-connected anatomical loss or loss of use of one hand or one foot, VA shall allow the next intermediate rate, subject to an identified maximum. In the event the veteran has suffered service-connected blindness, having only light perception or less, and has also suffered bilateral deafness (and the hearing impairment in either one or both ears is service connected) rated at 10 or 20 percent disabling, VA shall allow the next intermediate rate, subject to an identified maximum. In the event the veteran has suffered the anatomical loss or loss of use, or a combination of anatomical loss and loss of use, of three extremities, VA shall allow the next higher rate or intermediate rate. 38 U.S.C.A. § 1114(p).

SMC is provided if a veteran has a service-connected disability rated as total, and (1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or, (2) by reason of such veteran's service-connected disability or disabilities, is permanently housebound. For the purpose of this subsection, the requirement of "permanently housebound" will be considered to have been met when the veteran is substantially confined to such veteran's house (ward or clinical areas, if institutionalized) or immediate premises due to a service-connected disability or disabilities which it is reasonably certain will remain throughout such veteran's lifetime. 38 U.S.C.A. § 1114(s); see also Bradley v. Peake, 22 Vet. App. 280 (2008) (finding that Congress did not intend that a 100% combined rating suffice for a service-connected disability rated as total, but that an award of TDIU, if it based upon a single service-connected disability, is sufficient). A TDIU rating that is based on multiple underlying disabilities cannot satisfy the section 1114(s) requirement of 'a service-connected disability' because that requirement must be met by a single disability. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2010).

A person shall be considered to be in need of regular aid and attendance if that person is (1) a patient in a nursing home or (2) blind, or so nearly blind or significantly disabled as to need or require the regular aid and attendance of another person. 38 U.S.C.A. § 1502(b) (West 2014). A person shall be considered to be in need of regular aid and assistance if such person (1) is blind, or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to five degrees or less; (2) is a patient in a nursing home on account of mental or physical incapacity; or (3) establishes a factual need for aid and attendance under the criteria set forth in 38 C.F.R. § 3.352(a). 38 C.F.R. § 3.350(b) (2016).

The following criteria will be considered in determining whether a Veteran is in need of the regular aid and attendance of another person: the inability of the Veteran to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which, by reason of the particular disability, cannot be done without such aid; the inability of the Veteran to feed himself through the loss of coordination of upper extremities or through extreme weakness; the inability to attend to the wants of nature; or an incapacity, physical or mental, which requires care or assistance on a regular basis to protect the Veteran from the hazards or dangers incident to his daily environment. 38 C.F.R. § 3.352(a) (2016).

It is not required that all of the disabling conditions enumerated in the provisions of 38 C.F.R. § 3.352(a) be found to exist to establish eligibility for aid and attendance and that such eligibility required at least one of the enumerated factors be present. Turco v. Brown, 9 Vet. App. 222 (1996). The particular personal function which the Veteran is unable to perform should be considered in connection with his or her condition as a whole and it is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance, not that there be a constant need.

In this case, in statements provided in support of his claim the Veteran asserted that additional SMC, based upon the need for aid and attendance and/or housebound status, was warranted. In an October 2010 statement the appellant reported that she was unable to care for the Veteran due to his Alzheimer's disease, loss of the use of his legs because of his back, and his losing control of his kidneys and bowels. The Veteran's death certificate noted his death occurred at a nursing home and reported the immediate cause of death was recurrent aspiration of one month duration with an underlying cause of end stage dementia of one year duration.

A July 2010 private medical statement found the Veteran was in need of aid and attendance of someone else in the ordinary activities of daily living and that he was housebound. The major diagnosis provided was Alzheimer's disease and the additional diagnoses were hypertension and chronic obstructive pulmonary disease. It was noted he had experienced increasing memory problems and multiple falls at home. 

Private medical records received by VA in September 2011 noted that the Veteran was confined to his home and required intermittent skilled nursing care. An April 2011 physician's certification noted a principal diagnosis of unspecified general osteoarthrosis and other pertinent diagnoses of unspecified chronic heart failure, late effects cerebrovascular disease, and Alzheimer's disease. His functional limitations included bowel/bladder incontinence, endurance, and ambulation. His permitted activities included "up as tolerated" and use of wheelchair and walker. An August 2011 report noted a principal diagnosis of unspecified chronic heart failure and other pertinent diagnoses of obstructive chronic bronchitis, unspecified general osteoarthrosis, and spondylosis of unspecified site. 

VA records show service connection was established for lumbar strain with osteoarthritis (40 percent), left lower extremity peripheral neuropathy (40 percent), and right lower extremity peripheral neuropathy (20 percent). A combined 70 percent service-connected disability rating and a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU) were assigned effective from April 2, 2003. SMC for loss of use of one foot under 38 U.S.C.A. § 1114(k) and 38 C.F.R. § 3.350(a) was assigned effective from January 3, 2007.

Based upon the evidence of record, the Board finds that the Veteran was not permanently bedridden nor in need of regular aid and attendance as a result of his service-connected disabilities. Although the evidence of record demonstrates that prior to his death the Veteran needed regular aid and attendance, the overall evidence of record does not demonstrate that this need arose as a result of his service-connected disabilities. In fact, it was the opinion of the July 2010 private physician that he was in need of aid and attendance and was housebound, but that the major diagnosis provided was Alzheimer's disease with additional pertinent diagnoses of hypertension and chronic obstructive pulmonary disease. Subsequent treatment records indicate continued need for skilled nursing care, but do not demonstrate that such need was a result of service-connected disabilities. The criteria for the assignment of SMC based upon the need for aid and attendance and/or housebound status under applicable VA law in this case are not met.

The evidence does not show that as a result of his service-connected disabilities he was a patient in a nursing home, was blind, was unable to dress or undress himself or to keep himself ordinarily clean and presentable, that he had a frequent need of adjustment of any special prosthetic or orthopedic appliances which, by reason of the particular disability, could not be done without such aid, that he was unable to feed himself through the loss of coordination of upper extremities or through extreme weakness, that he was unable to attend to the wants of nature, or that he had an incapacity, physical or mental, which required care or assistance on a regular basis to protect him from the hazards or dangers incident to his daily environment. Nor is it shown that he had the anatomical loss or loss of use of both feet, or of one hand and one foot, or blindness in both eyes, with 5/200 visual acuity or less, or that he was permanently bedridden as a result of his service-connected disabilities. Therefore, the Board finds the appeal must be denied.

Consideration has been given to the assertions by the Veteran and the appellant that he was in need for aid and attendance and/or was housebound due to service-connected disabilities. However, while lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the specific issues in this case fall outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). The matters at issue are not conditions readily amenable to lay diagnosis or probative comment regarding etiology. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). 

In conclusion, the Board finds that additional SMC is not warranted. When all the evidence is assembled VA is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001). The preponderance of the evidence in this case is against the claim.


ORDER

Entitlement to SMC based upon the need for aid and attendance and/or housebound status is denied.



____________________________________________
Thomas H. O'Shay
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs