Citation Nr: 1806331 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 06-34 078A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Columbia, South Carolina


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU), prior to April 4, 2011.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Michael Sanford, Counsel





INTRODUCTION

The Veteran served on active duty from July 1976 to July 1979, from October 1990 to May 1991, from June 2004 to June 2005 and from July 2006 to June 2008.

This appeal to the Board of Veterans' Appeals (Board) arose from a December 2005 rating decision in which the RO, inter alia, granted service connection for right thigh muscle strain and assigned an initial 10 percent rating, effective June 29, 2005; but denied service connection for bilateral hearing loss, a right knee disability, a left knee disability, lumbar strain, onychomycosis, decreased libido, dyspnea, and migraine headaches. In January 2006, the Veteran filed a notice of disagreement (NOD) with the initial rating assigned for right thigh muscle strain, as well as with the denials of service connection. A statement of the case (SOC) was issued in September 2006, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to Board of Veterans' Appeals) in November 2006. A supplemental SOC (SSOC) was issued in July 2009.

In a July 2009 rating decision, the RO granted service connection for right and left chronic knee strains. This action resolved the claims for service connection for right and left knee disabilities.

In November 2010, the Board granted service connection for onychomycosis., and denied a rating in excess of 10 percent for right thigh muscle strain and The Board also found that the matter of /the Veteran's entitltlement to a TDIU was raised by the record (pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009)), and remanded that matter, along with the claims for service connection for bilateral hearing loss, lumbar spine disability, erectile dysfunction, a respiratory disability and migraine headaches, for further action.

In an October 2015 rating decision, the agency of original jurisdiction (AOJ) granted service connection for bilateral hearing loss, thereby resolving that e claim.

In May 2016, the Board, again, remanded the claims for service connection for lumbar spine disability, erectile dysfunction, respiratory disability and migraine headaches, as well as the claim for a TDIU, for further action.

In a November 2016 rating decision, the AOJ granted service connection for erectile dysfunction and a respiratory, thereby resolving those claims.

In July 2017, the Board granted service connection for migraine headaches and degenerative changes of the lumbar spine. The Board also remanded the claim for a TDIU. After accomplishing further action, the AOJ continued to deny the claim for a TDIU (as last reflected in a December 2017 SSOC) and returned this matter to the Board for further appellate consideration.

As reflected on the title page, the Board to has now limited the scope of the claim for a TDIU to the period prior to April 4, 2011. Notably, in a July 2017 rating decision, the AOJ awarded the Veteran special monthly compensation (SMC) under 38 U.S.C. § 1114(s), effective April 4, 2011. Also, the Veteran's PTSD has been rated as 100 percent disabling from April 4, 2011 The United States Court of Appeals for Veterans Claims (Court) has held that the award of SMC under 38 U.S.C. § 1114(s) and a separate 100 percent rated service-connected disability renders the issue of TDIU moot. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); Bradley v. Peake, 22 Vet. App. 280, 294 (2008). Given the above-noted awards from April 4, 2011, the matter of the Veteran's entitlement to a TDIU from that date forward has been rendered s moot.

While the Veteran previously had a paper claims file, this appeal is now being processed utilizing the paperless, electronic Veterans Benefits Management System and Virtual VA (Legacy Content Manager) claims processing systems. All records have been reviewed.

For reasons expressed below, the remaining matter on appeal is, again, being remanded to the (AOJ. VA will notify the Veteran when further action, on his part, is required.


REMAND

Unfortunately, the Board finds that further action in this appeal is warranted, even though such will, regrettably, further delay an appellate decision on this matter.

In July 2017, the Board remanded this matter to have the Veteran complete VA Form 21-8940, Application for Increased Compensation Based on Unemployability, as the Veteran's work history was unclear from the record.

As discussed in the January 2018 informal hearing presentation submitted by the Veteran's representative, VA has previously found the Veteran to be incompetent in the past. The representative also stated that the Veteran is not competent to provide the information requested in the VA Form 21-8940. As such, the representative requested that the matter be remanded again so that the Veteran's fiduciary could be sent the VA Form 21-8940 and instructed to provide the relevant information for the period from June 2008 up until April 4, 2011. Given the arguments of the Veteran's representative, the Board will oblige the request and again remand the remaining TDIU claim for action responsive to the above.

While this matter is on remand,, to ensure that all due process requirements are met, and the record is complete, the AOJ should give the Veteran (and his fiduciary) another opportunity to provide additional information and/or evidence pertinent to the remaining claim on appeal (particularly, as regards any private (non-VA) treatment and/or employment prior to April 4, 2011)l, explaining that he has a full one-year period for response. See 38 U.S.C. § 5103(b)(1) (2012); but see also 38 U.S.C. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). 

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2017).

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C. §§ 5103, 5103A (2012); 38 C.F.R. § 3.159 (2017). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the remaining claim on appeal.

Accordingly, this matter is hereby REMANDED for the following action:

1. Send to the Veteran and his fiduciary a VA Form 21-8940, Application for Increased Compensation Based on Unemployability, for completion. Explain to the Veteran and his fiduciary that the relevant period pertaining to the claim for a TDIU is from June 2008 until April 4, 2011.

2. Send to the Veteran, his fiduciary and his representative a letter requesting that the Veteran provide sufficient information, and if necessary, current authorization to obtain any additional evidence pertinent to the remaining claim on appeal that is not currently of record. Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent, private (non-VA) records and/or employment records dated prior to April 4, 2011.

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

2. If the Veteran responds, obtain all identified records, following the procedures set forth in 38 C.F.R. § 3.159. All records and responses received should be associated with the file. If any records sought are not obtained, notify the Veteran and his representative of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

3. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268 (1998).

4. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the remaining claim on appeal in light of all pertinent evidence (to include all that added the VBMS and/or Virtual VA (Legacy Content Manager) files(s) since the last adjudication) and legal authority.

5. If the benefit sought on appeal remains denied, furnish to the Veteran, his fiduciary and his representative a supplemental SOC that includes clear reasons and bases for all determinations, and afford them an appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefit requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.. §§ 5109B, 7112 (2012). 




_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2017).