NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES M. JOHNSON,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7066

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2423, Judge Alan G. Lance, Sr.

---

Decided: December 18, 2014

---

KENNETH M. CARPENTER, Carpenter Chartered, of Topeka, Kansas, argued for the claimant-appellant. On the brief was JOHN F. CAMERON, of Montgomery, Alabama.

ELIZABETH SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY,

Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and MARTIE ADELMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was LARA EILHARDT, Attorney.

_____

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

DYK, *Circuit Judge.*

Claimant James M. Johnson, a veteran, appeals from a United States Court of Appeals for Veterans Claims ("Veterans Court") decision affirming a 2012 Board of Veterans' Appeals ("Board") decision. The Board denied him special monthly compensation ("SMC").

Johnson argues that the Veterans Court committed legal error when it affirmed the Board's denial of SMC because the Board failed to assess whether any of Johnson's disabilities, standing alone, rendered him totally disabled. Failure to do this, Johnson alleges, was legal error in light of *Buie v. Shinseki*, 24 Vet. App. 242 (2011). In fact, the Board determined that none of the disabilities, standing alone, rendered Johnson totally disabled based upon individual unemployability ("TDIU"). The Board found that, "[a]lthough the Veteran[] . . . argues that any one of [his] disabilities, independently, meets the criteria for a TDIU, the Board does not agree." J.A. 240. This finding of fact was not set aside by the Veterans Court. In light of the Board's express factual finding that no disability, standing alone, satisfies TDIU, there is no legal issue for us to review. We lack jurisdiction to review that factual finding, 38 U.S.C. § 7292(d)(2), and the failure of the Veterans Court to set aside that finding does not raise a legal issue.

**DISMISSED**

## Costs

No costs.