Citation Nr: 1829740 
Decision Date: 07/24/18 Archive Date: 08/02/18

DOCKET NO. 15-00 737 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Kate Sosna, Associate Counsel

INTRODUCTION

The Veteran had active duty service from June 1967 to November 1969.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in April 2012 by a Department of Veterans Affairs (VA) Regional Office (RO).

Notably, the RO has developed this appeal as a claim to reopen a previously denied claim for service connection. The Board finds, however, that the April 2012, December 2013, and July 2014 rating decisions adjudicating the Veteran's claims for service connection for acquired psychiatric disorders are not final as the Veteran either submitted relevant evidence within one year of the decision (2012 and 2013) or timely expressed disagreement with the decision (2014). See Buie v. Shinseki, 24 Vet. App. 242 (2011); 38 C.F.R. § 20.302; August 2012 lay statements; November 2012 VA treatment record noting PTSD diagnosis; and October 2014 notice of disagreement. As such, the Board will consider the Veteran's claim on the merits.

In June 2015, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. A hearing transcript has been associated with the record on appeal.

Although the Veteran has specifically claimed service connection for PTSD, the record contains other psychiatric diagnoses, in addition to PTSD. Accordingly, his claim has been expanded to include service connection for an acquired psychiatric disorder, to include PTSD, pursuant to Clemons v. Shinseki, 23 Vet. App. 1 (2009).


FINDINGS OF FACT

1. The Veteran has a current diagnosis of PTSD, which has been competently related to a verified in-service stressor.
2. Resolving all doubt in the Veteran's favor, his acquired psychiatric disorder (diagnosed as anxiety disorder not otherwise specified and depressive disorder not otherwise specified) is related to his military service.


CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder, to include PTSD, anxiety disorder not otherwise specified, and depressive disorder not otherwise specified have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996).

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) as described above; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). 38 C.F.R. § 4.125(a) requires that diagnoses of mental disorders conform to the Diagnostic and Statistical Manual for Mental Disorders (DSM) as the governing criteria for diagnosing PTSD. The Board notes VA implemented DSM-5, effective August 4, 2014, and such applies to claims certified to the Board on and after August 4, 2014. 79 Fed. Reg. 45, 093, 45,094 (Aug. 4, 2014). As the RO certified the Veteran's appeal to the Board on January 30, 2015, DSM-5 applies. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran contends that his diagnosed psychiatric disorders are related to his service in Vietnam, to specifically include witnessing a fellow soldier's groin being severely injured from enemy projectiles; participating in retrieval of two helicopters that crashed in the inland waterways of Vietnam; and witnessing a fellow soldier accidentally shoot himself. 

Regarding his claimed stressors, there is supportive evidence that the Veteran engaged in combat with the enemy during service as reflected by his receipt of the Combat Action Ribbon; the claimed stressor of witnessing a fellow soldier's wounded groin immediately after being struck by enemy projectiles is related to that combat; and the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran's Vietnam service. As there is no clear and convincing evidence to the contrary, the Veteran's lay testimony alone can substantiate the claimed stressor and it is hereby accepted by the Board as it was accepted by the RO in the April 2012 rating decision. 38 C.F.R. § 3.304 (f)(2); 38 U.S.C. 
§ 1154(b); Gaines v. West, 11 Vet. App. 353 (1998). 

Turning to the Veteran's psychiatric diagnoses, the Board notes that there is conflicting evidence as to whether the Veteran has a current PTSD diagnosis under DSM-5, but finds the weight of the evidence is at least in equipoise. After reviewing said evidence, the Board finds a November 2012 evaluation performed by a post-doctoral psychological resident to be particularly probative. In this regard, the VA clinician documented the Veteran's aforementioned stressors, provided an extremely comprehensive examination, and made specific findings as to how the Veteran met each of the criterion for a PTSD diagnosis based on his stressors. Thereafter, a staff psychologist reviewed the November 2012 report and concurred with the resident's finding. While the assessment was performed using the standards of DSM-IV, which, as noted above, does not apply in this case, it is important to note that some of the criteria for a PTSD diagnosis under DSM-5 are more relaxed than the more stringent requirements under the DSM-IV. For example, DSM-5, in pertinent part, removed the requirement under Criterion A that the person experience fear, helplessness, or horror right after the traumatic event because there was concern that certain individuals who were trained not to respond to traumatic events might have failed to meet this criterion. The removal of this requirement for Criterion A makes it easier to meet the diagnostic criteria for PTSD under DSM-5 than under DSM-IV. See DSM-IV and DSM-5. Thus, in this case, the Board finds the PTSD diagnosis is still probative, despite the fact it was provided under the DSM-IV.

More recently, the Veteran's regular treatment provider has consistently noted a current diagnosis of PTSD based on his own evaluation of the Veteran's psychiatric symptomatology, albeit without detailed findings as to the necessary criterion. Nevertheless, the Board affords great probative weight to the Veteran's treating clinician's assessment as he has treated the Veteran regularly, allowing him to fully understand the nature of his psychiatric disability. In addition, he has spent more time assessing the Veteran's condition prior to providing an opinion, as opposed to the VA examiners who only saw the Veteran on one occasion each. Moreover, the November 2012 clinician and the Veteran's VA physician have noted that the Veteran has a tendency to underreport or avoid his PTSD symptoms through work and the occasional use of alcohol, which can account for the fact that he was not diagnosed with PTSD in conjunction with the VA examinations. See November 2012 evaluation and February 2014 letter from the Veteran's VA physician. Thus, the Board finds the most probative evidence indicates the Veteran experiences PTSD as a result of his in-service stressor and service connection for such is warranted. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

Furthermore, the Board finds that service connection for an anxiety disorder not otherwise specified, and depressive disorder not otherwise specified is also warranted. In this regard, after the Veteran relayed the aforementioned stressors, a December 2011 VA examiner specifically found that the Veteran's anxiety disorder not otherwise specified was "most likely caused by or a result of his military experiences" and that his depressive disorder not otherwise specified was "at least as likely as not (50:50 probability) caused by or a result of traumatic military experiences or secondary to anxiety symptoms associated with trauma." While the examiner did not provide a rationale for these opinions, it is clear he considered the Veteran's reports regarding the distressful incidents of his military service and the impact such would have on his psychiatric stability. See Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner "did not explicitly lay out the examiner's journey from the facts to a conclusion," did not render the examination inadequate). Further, there is no medical opinion of record to the contrary. Thus, the Board finds that the December 2011 opinion is the most probative evidence of record regarding the relationship between the Veteran's service and his diagnosed unspecified anxiety and depressive disorders. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (holding that it is the factually accurate, fully articulated, sound reasoning for the conclusion that contributes to the probative value of a medical opinion). 

In conclusion, the Board finds that the Veteran's PTSD, anxiety disorder not otherwise specified, and depressive disorder not otherwise specified are directly related to his military service. Consequently, service connection for such disorders are warranted.


ORDER

Service connection for an acquired psychiatric disorder, to include PTSD, anxiety disorder not otherwise specified, and depressive disorder not otherwise specified is granted.

____________________________________________
K. OSBORNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs