﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190913-30392
DATE: May 29, 2020

REMANDED

Entitlement to an effective date prior to December 21, 2010 for a total disability rating based on individual unemployability (TDIU) is remanded.

Entitlement to special monthly compensation under 38 U.S.C. § 1114(s)(1) is remanded.

REASONS FOR REMAND

An August 2018 legacy rating decision implemented the Board’s June 2018 award of TDIU in the Veteran’s case. In November 2018, the Veteran filed a timely notice of disagreement regarding the August 2018 legacy rating decision appealing both the effective date of TDIU and the failure to award special monthly compensation under 38 U.S.C. § 1114(s)(1). In December 2018, the Veteran opted into the modernized review system under the Appeals Modernization Act (AMA) via the Rapid Appeals Modernization Program (RAMP). The Veteran elected higher-level review on his December 2018 RAMP election form. A December 2018 rating decision from a higher-level reviewer considered the evidence of record at the time of the Veteran’s RAMP election and denied an effective date prior to December 21, 2010 for TDIU. The December 2018 RAMP rating decision failed to consider entitlement to special monthly compensation under 38 U.S.C. § 1114(s)(1), even though the issue was reasonably raised by the record at the time of the decision and is part and parcel of the Veteran’s appeal for increased compensation. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); Bradley v. Peake, 22 Vet. App. 280, 294 (2008). In September 2019, the Veteran submitted a VA Form 10182 (AMA Notice of Disagreement) regarding the December 2018 RAMP rating decision and requested direct review by a Veterans Law Judge, leading to the present appeal.

The Board finds the Veteran’s appeal must be remanded to the Agency of Original Jurisdiction (AOJ) to correct a statutory duty to issue a decision notice that conforms with the requirements of 38 U.S.C. § 5104. See 38 C.F.R. § 20.802(a) (authorizing the Board to remand for correction of any error by the AOJ in satisfying a statutory or regulatory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant’s claim).

Specifically, the Board finds the December 2018 RAMP rating decision fails to comply with 38 U.S.C. § 5104(b)(3), requiring a summary of the applicable laws and regulations. Most notably, there is no reference to 38 C.F.R. § 4.16 anywhere in the December 2018 RAMP rating decision, the associated notice letter, or enclosures; therefore, the Veteran was not provided notice of the requirements for TDIU or given any indication of when he first met these requirements in the decision on appeal. Since the December 2018 RAMP rating decision failed to consider an award of special monthly compensation under 38 U.S.C. § 1114(s)(1), the statute’s implementing regulation was also omitted from the decision notice documents. Further, although there was discussion of the finality of a June 2005 legacy rating decision that initially denied TDIU, there was no reference to the laws and regulations applicable to the finality of legacy rating decisions. The Board finds it necessary to correct the breach of this statutory duty because inclusion of the applicable laws and regulations would assist the Veteran in selecting his review option under the AMA and formulate his arguments on appeal, raising a reasonable possibility of aiding in substantiating his claim.

The matters are REMANDED for the following action:

Issue a new decision regarding the effective date of TDIU and special monthly compensation under 38 U.S.C. § 1114(s)(1) that conforms with the requirements of 38 U.S.C. § 5104, to include, but not limited to, a summary of the applicable laws and regulations, considering all evidence and argument of record at the time of the new decision.

 

 

M. HYLAND

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. S. Kyle, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.