﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200226-66879
DATE: March 31, 2021

ORDER

Entitlement to special monthly compensation (SMC) based on the need for regular aid and attendance or by reason of being housebound is denied.

FINDINGS OF FACT

1. The Veteran presently has the following service-connected disabilities: migraine headaches (50 percent), chronic sinusitis (30 percent), irritable bowel syndrome (30 percent), benign paroxysmal positional vertigo (10 percent), tinea versicolor with seborrheic keratosis (10 percent); his combined schedular rating is 80 percent, effective April 9, 2019.

2. The Veteran is in receipt of a total disability rating based on individual unemployability (TDIU) rating on account of his service-connected migraine headaches, chronic sinusitis, irritable bowel syndrome, and vertigo disabilities.

3. The Veteran has no single service-connected disability rated as total, with additional service-connected disability or disabilities independently rated at 60 percent or more.

4. The Veteran is not shown to have the anatomical loss or loss of use of both feet, or of one hand and one foot, or to be blind in both eyes, with 5/200 visual acuity or less, or to be permanently bedridden as a result of service-connect disability, or to otherwise be so helpless as to be in need of regular aid and attendance as a result of service-connected disabilities. 

CONCLUSION OF LAW

The criteria for entitlement to SMC based on the need for regular aid and attendance or by reason of being housebound have not been met. 38 U.S.C. § 1114(l) and (s) (2012); 38 C.F.R. §§ 3.350(i), 3.352 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Air Force from April 1971 to December 1974 with additional service in the Air National Guard until 1983.

This matter comes before the Board of Veteran’s Appeals (Board) on appeal from a February 2020 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran filed a March 2020 notice of disagreement (Form 10182), and requested direct review by the Board of the evidence considered by the agency of original jurisdiction (AOJ). The February 2020 rating decision constituted an initial decision. Therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies to this case. 

1. Entitlement to SMC based on the based on the need for regular aid and attendance

The Veteran claims entitlement to SMC based on the need for regular aid and attendance.

Special monthly compensation (SMC) at the aid and attendance rate is payable when a veteran, due to service-connected disability, has the anatomical loss or loss of use of both feet, or of one hand and one foot, or is blind in both eyes, with 5/200 visual acuity or less, or is permanently bedridden or has such significant disabilities as to be in need of regular aid and attendance. 38 C.F.R. § 1114(i) (2012); 38 C.F.R. § 3.350(b), 3.352(a) (2019).

The following criteria will be considered in determining the need for regular aid and attendance: inability of a claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid; inability to feed himself through the loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect him from hazards or dangers incident to his daily environment. 38 C.F.R. §§ 3.350(b)(3) and (4), 3.352(a) (2017).

It is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance due to service-connected disability, not that there be a constant need. See 38 C.F.R. § 3.352(a); Prejean v. West, 13 Vet. App. 444 (2000).

Determinations that a veteran is so helpless, as to be in need of regular aid and attendance, will not be based solely upon an opinion that the veteran's condition is such as would require him to be in bed. Such determinations will be based on the actual requirement of personal assistance from others. 38 C.F.R. § 3.352(a).

The Veteran is presently service connected for: migraine headaches (50 percent), chronic sinusitis (30 percent), irritable bowel syndrome (30 percent), benign paroxysmal positional vertigo (10 percent), tinea versicolor with seborrheic keratosis (10 percent); his combined rating is 80 percent, effective April 9, 2019.

The Veteran was afforded VA examinations for all of his service-connected disabilities in August 2019. The VA examination for his migraine headaches shows the Veteran reported symptoms of pain, nausea, and sensitivity to sound and light, and that he experiences prostrating attacks of migraine headache pain more often than once per month, and an inability to concentrate due to his headaches. His VA examination for his chronic sinusitis shows he reported recurrent facial congestion and facial pain, and that it was distracting and affected his ability to concentrate. His examination for his irritable bowel syndrome shows he reported abdominal pain and constipation. The VA examination for his vertigo shows he experiences dizziness upon standing and must use a walker. His skin VA examination for his seborrheic keratosis and tinea versicolor shows physical examination revealed brown, keratinizing small patches mainly on his back, and hypo-colored large stains on his torso. These symptoms were noted to be cosmetic.

A January 2019 record shows he denied having a history of two or more falls in the past 12 months or difficulty with walking or balance. Id at p.199 of 624. A May 2019 VA treatment record shows the Veteran reported “his usual state of health consists on self-care and free ambulation without assistance. He refers that he can walk more than two blocks and can climb up a flight of stairs, . . . but refers back pain that sometimes is severe.” See CAPRI, received January 2020 at p.117 and 268 of 624. A May 2019 VA psychology note shows he reported feeling useless in the home, that he was awaiting surgical treatment, and that he could not bear the thought of being in a wheelchair and having to depend on others to perform all of his daily activities. See CAPRI, received January 2020 at p.103 of 624. A June 2019 record, however, shows he underwent prostate surgery, for which the Veteran is not service connected. See id. at p.90. Records relating to that surgery show he was noted by a VA clinician as walking, able to drive, independent, and having no functional status limitations. See id. at p.91.

There is no evidence in the record on appeal tending to indicate that the Veteran has the anatomical loss or loss of use of both feet, or of one hand and one foot, or to be blind in both eyes, with 5/200 visual acuity or less, or is permanently bedridden as a result of service-connect disability, and there is insufficient evidence that he is otherwise so helpless as to be in need of regular aid and attendance of another person as a result of any of his service connected disabilities. Notably, the Veteran himself never filed any claim for SMC based on the need for regular aid and attendance. Rather, he filed his claim as for SMC by reason of being “housebound” only, which will be addressed separately below. Regardless, as the RO addressed entitlement to SMC based on the need for regular aid and attendance, and the Veteran’s notice of disagreement included disagreement as to entitlement to both SMC based on the need for aid and attendance as well as by reason of being housebound, the Board has addressed entitlement under both. 

In January 2020, the Veteran asked a VA clinician to complete a DBQ form relating to the claim. See CAPRI, received January 2020 at p.1 of 624. The DBQ was not, however, received by the RO and associated with the claims file until February 13, 2020, one day after the issuance of the February 12, 2020 rating decision on appeal. This case, however, involves a direct review appeal under the new AMA framework; therefore, the Board is limited to consideration of “the record before the agency of original jurisdiction at the time of its decision, without submission of additional evidence.” See 38 C.F.R. § 20.202 (2019). 

Even if the DBQ could be considered by the Board in this appeal (but it cannot), the DBQ lists only three conditions – a back condition, cervical condition, and sick sinus syndrome (heart condition) - but the Veteran is not service connected for any of these three conditions. While the Board acknowledges that the Veteran’s representative requested in his brief that the Board defer decision on this SMC claim until the Veteran files service connection claims for these conditions on the appropriate forms, the Board has no jurisdiction in reviewing this appeal to consider potential or future service connection claims. Moreover, again, the Board’s review in this case is limited to “the record before the agency of original jurisdiction at the time of its decision, without submission of additional evidence.” See 38 C.F.R. § 20.202 (2019). Thus, any new development after the issuance of the February 2020 rating decision may not be considered. The Veteran is free, however, to file supplemental service connection claims for those three conditions, or to file a supplemental claim for SMC along with new evidence, on the appropriate forms prescribed by the Secretary if he wishes to do so. See 38 C.F.R. §§ 3.2501, 20.1105 (2019). Specific instructions for filing a supplemental claim are included with this decision.

For the reasons explained above, the Board concludes that the preponderance of the evidence is against finding that the Veteran is so helpless as to be in need of regular aid and attendance by another person due to his service connected disabilities, and the claim must be denied. As the preponderance of the evidence is against the claim, the benefit of the doubt rule is not for application.

 

2. Entitlement to SMC by reason of being housebound

The Veteran also claims entitlement to SMC by reason of being housebound due to service-connected disability or disabilities. 

SMC at the housebound rate is generally provided for a veteran who is not in need of regular aid and attendance, but who has “a service-connected disability rated as total” (100 percent), and either (a) has additional service-connected disability or disabilities independently rated at 60 percent, or (b) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C. § 1114(s) (2012). 

Under 38 C.F.R. § 3.350(i), a service-connected disability rated as total (100 percent) must be “a single service connected disability.”

The Veteran is presently service connected for: migraine headaches (50 percent), chronic sinusitis (30 percent), irritable bowel syndrome (30 percent), benigna paroxysmal positional vertigo (10 percent), tinea versicolor with seborrheic keratosis (10 percent); his combined rating is 80 percent, effective April 9, 2019.

As shown above, the Veteran has no single disability rated as 100 percent disabling so as to meet the regulatory criteria for SMC by reason of being housebound. Therefore, the criteria for SMC at the housebound rate are not met.

The Board has considered the case of Bradley v. Peake, 22 Vet. App. 280 (2008), in which the Court held that a TDIU rating based on one single disability satisfies the statutory requirement of a “a service-connected disability rated as total” for purposes of entitlement to SMC at the housebound rate. However, the Court in Bradley clarified that the “a service-connected disability rated as total” means one single disability, and that multiple disability ratings cannot be combined to meet the total rating requirement. The Court in Bradley made the distinction that although VA regulations allow for multiple disabilities to be combined to meet the schedular criteria for a TDIU rating, multiple disabilities may not be combined to meet the schedular criteria for SMC at the housebound rate. Likewise, in Buie v. Shinseki, 24 Vet. App. 242 (2011), the Court held that “a total disability rating based on individual unemployability that is based on multiple underlying disabilities cannot satisfy the section 1114(s) requirement of ‘a service-connected disability’ because that requirement must be met by a single disability.” The case of Buie, however, is otherwise distinguishable from the instant case because it involved a situation where service connection for a single disability (PTSD) was awarded after a TDIU rating was assigned based on multiple disabilities. 

In this case, an October 2019 rating decision granted a TDIU rating, effective April 9, 2019, on account of the Veteran’s service-connected migraine headaches, chronic sinusitis, irritable bowel syndrome, and vertigo disabilities. As such, the Veteran’s TDIU rating is based on multiple disabilities, not one single disability. Because the Veteran has no “single disability” with a 100 percent schedular rating, and because he is not in receipt of a TDIU rating based on a single disability, the criteria for SMC at the housebound rate are not met, and the claim must be denied. 

The Board acknowledges that the Veteran’s representative requested that the Veteran be provided with an opportunity to file new service connection claims on the requisite forms prior to issuance of a decision on this appeal. The Board, however, generally has no jurisdiction to consider potential or future service connection claims. 

In addition, the Board cannot consider new evidence submitted after the issuance of the initial February 2020 rating decision by the agency of original jurisdiction. This case involves a direct review appeal under the new AMA framework; therefore, the Board is limited to consideration of “the record before the agency of original jurisdiction at the time of its decision, without submission of additional evidence.” See 38 C.F.R. § 20.202 (2019). The Veteran is free, however, to file a supplemental claim, on the appropriate form prescribed by the Secretary, if he wishes to submit new evidence. See 38 C.F.R. §§ 3.2501, 20.1105 (2019). Specific instructions for filing a supplemental claim are included with this decision.

To the extent that the Veteran’s representative suggested in his brief that the Veteran’s address of record may be incorrect because he did not respond to offers by the RO to submit additional documents, the Board acknowledges that a copy of a January 2020 DBQ was apparently mailed by the VA medical center to the Veteran at his last known address, a P.O. Box in Mayaguez, Puerto Rico, but it was returned as undeliverable on February 13, 2020. See Mail, uploaded March 4, 2020 (copy of a DBQ completed by a VA clinician); CAPRI, received January 2020 at p.1. However, the Veteran subsequently filed his notice of disagreement (NOD) on February 27, 2020 (signed on February 26, 2020), and the NOD reflects the same P.O. Box address. The Board adds that the December 2019 duty to assist letter, as well as notice of the February 2020 rating decision, were all likewise mailed to the same P.O. Box address. As such, there is no indication that the Veteran’s last known address of record is not correct, or that the Veteran did not have an adequate opportunity to present his case. 

Therefore, for the reasons explained above, the Board concludes that entitlement to SMC by reason of being housebound is not warranted, and the claim must be denied.

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Juliano, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.