﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200817-104152
DATE: April 30, 2021

ORDER

New and relevant evidence has been received, and the claim of entitlement to service connection for bilateral hearing loss will be readjudicated.

New and relevant evidence has been received, and the claim of entitlement to service connection for tinnitus will be readjudicated.

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus is remanded.

FINDINGS OF FACT

1. New and relevant evidence has been received since the prior final denial regarding the claim for service connection for bilateral hearing loss. 

2. New and relevant evidence has been received since the prior final denial regarding the claim for service connection for tinnitus.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 5108, 7104(b); 38 C.F.R. §§ 3.156(d), 3.2501(a)(1).

2. The criteria for readjudicating the claim for service connection for tinnitus have been met. 38 U.S.C. §§ 5108, 7104(b); 38 C.F.R. §§ 3.156(d), 3.2501(a)(1).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1967 to April 1969

This case comes before the Board of Veterans’ Appeals (Board) on appeal of an August 2020 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In July 2020, the Veteran filed a VA Form 20-0995 Decision Review Request: Supplemental Claim. The RO denied the Veteran’s claim in August 2020 because the evidence the Veteran submitted was not new and material. The Veteran timely filed his VA Form 10182 Decision Review Request Board Appeal and selected direct review by a Veterans Law Judge (VLJ). The case is now before the Board.

The Board notes that the Veteran asserts, in his Informal Hearing Presentation (IHP), allegations of clear and unmistakable error (CUE) made by the Board because “[T]he evidentiary bar for reopening a previously denied claim is low and it was not the intent of The Congress to deter or frustrate Veterans from seeking disability entitlements that their service otherwise warrants.” See Veteran's April 2021 IHP. If the Veteran wishes to file a motion based upon CUE, he is free to do so. However, a CUE motion was not addressed in the August 2020 rating decision and will not be addressed in this decision.

New and relevant evidence

Under the modernized review system, a claimant who disagrees with a prior VA decision may file a supplemental claim. 38 C.F.R. § 3.2501. If new and relevant evidenced is presented or secured with respect to the supplemental claim, the agency of original jurisdiction (AOJ) will readjudicate the previously denied claim taking into consideration all of the evidence of record. Id. If new and relevant evidence is not presented or secured, the AOJ will issue a decision finding that there was insufficient evidence to readjudicate the claim. Id.

"New evidence" is evidence not previously part of the actual record before agency adjudicators. "Relevant evidence" is evidence that tends to prove or disprove a matter at issue. 38 C.F.R. § 3.2501(a)(1).

The Veteran contends that his bilateral hearing loss and tinnitus are due to noise exposure while serving in Vietnam. 

In December 2006, the Veteran filed claims for service connection for bilateral hearing loss and tinnitus. The AOJ considered the Veteran’s DD-214, service treatment and personnel records, post-service treatment records, lay statements, and a VA examination. In its May 2007 denial, the RO relied on the negative medical findings of the VA examiner who based his conclusion for tinnitus on the Veteran’s in-service primary occupation as a personnel specialist and his announcement that his tinnitus started just ten years earlier. For bilateral hearing loss, the RO also relied on the findings of the VA examiner who determined that the Veteran did have bilateral hearing loss. However, because of his in-service military occupation (personnel specialist) and normalcy of hearing at induction and separation, it was likely not due to in-service acoustic trauma but rather the normal aging process. Therefore, the RO denied the claims based on there being no nexus to service. 

The Veteran was informed of what to do if he disagreed or had questions about the rating decision. He did not submit a notice of disagreement (NOD) or provide new and material evidence within one year of the promulgation of the rating decision. Buie v. Shinseki, 24 Vet. App. 242, 251-52 (2011); Bond v. Shinseki, 659 F.3d 1362, 1367-68 (Fed. Cir. 2011). Hence, the May 2007 rating decision denying entitlement to service connection for bilateral hearing loss and tinnitus is final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103.

In January 2014, the Veteran filed claims for service connection for hearing loss and tinnitus. The Veteran was denied for both claims in a July 2014 rating decision. The Veteran perfected an appeal and the Board took jurisdiction of the case. In March 2019, the Board denied both of the Veteran’s claims to reopen due to the lack of new and material evidence. The Veteran did not appeal his case to the United States Court of Appeals for Veterans Claims.

As mentioned above, in July 2020, the Veteran filed a Supplemental Claim. On the Supplemental Claim, the Veteran included a lay statement. The statement includes information regarding his deployment to Vietnam and his assignment while in country. The Veteran stated that he was assigned to A Co 8th Engineers 1st Cavalry Division and that there were no personnel support specialists on the manning roster. The Veteran went on to state that he was assigned to the demolition unit to fill an empty spot.

In the August 2020 rating decision, the RO stated that the evidence submitted was not new and relevant because the VA examiner opinion did not link the Veteran’s hearing loss to military service due to normal hearing throughout service and at discharge. The VA examiner also opined the Veteran’s level of hearing loss represented no worse than normal aging. 

The Board finds that the statement made by the Veteran constitutes new evidence because it was not part of the record in previous denial. Additionally, the statement is relevant because it can prove that the Veteran had in service exposure to explosives and machinery that led to his hearing loss and tinnitus disabilities. The Board finds that new and relevant evidence has been received since the prior final denial regarding the claim for service connection for bilateral hearing loss and tinnitus. Thus, the claim will be readjudicated. 

REASONS FOR REMAND

Bilateral hearing loss and tinnitus

The Board finds that a remand is necessary for both claims to correct a pre-decisional duty to assist error.

The Board notes that the Veteran was afford a VA examination in 2007. VA's duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to make a decision on the claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); Robinette v. Brown, 8 Vet. App. 69 (1995). In a claim for service connection, evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision still triggers the duty to assist if it indicates that the Veteran's condition may be associated with service. McLendon v. Nicholson, 20 Vet. App. 79 (2006). Here, the new evidence submitted by the Veteran may establish a link to his active duty service that was not previously considered due to noise exposure in Vietnam. Thus, a VA examination is required to correct a pre-decisional defect in the record.

The matters are REMANDED for the following action:

1. Forward the claims file to a qualified medical professional to obtain a VA examination to determine the nature and likely etiology of the Veteran's hearing loss and tinnitus disabilities. The entire record and a copy of this remand must be made available to and reviewed by the examiner.

Based on a review of the results of the Veteran's physical examination, his statements regarding the development and treatment for his disability, and a thorough review of the claims file, the examiner should provide an opinion as to whether the Veteran’s bilateral hearing loss and/or tinnitus are at least as likely as not (50 percent probability or greater) incurred during or were caused by active service, to include the Veteran's lay contentions regarding his service in Vietnam.

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached.

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Hetman

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.