﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190724-14999
DATE: March 31, 2020

ORDER

An effective date prior to November 9, 1976, for a lumbar spine disorder, for accrued benefits purposes, is denied.

An effective date prior to November 9, 1976, for sciatica/radiculopathy of the left lower extremity, secondary to a lumbar spine disability, for accrued benefits purposes, is denied.

An effective date prior to July 8, 2013, for radiculopathy of the right lower extremity, secondary to a lumbar spine disability, for accrued benefits purposes, is denied.

Entitlement to a rating in excess of 10 percent for a lumbar spine disorder prior to July 8, 2013, and in excess of 20 percent thereafter, for accrued benefits purposes, is denied.

An initial rating in excess of 20 percent for left lower extremity radiculopathy, secondary to a lumbar spine disability, for accrued benefits purposes, is denied.

An initial rating in excess of 10 percent for right lower extremity radiculopathy, secondary to a lumbar spine disability, for accrued benefits purposes, is denied.

Entitlement to additional accrued benefits, is denied. 

FINDINGS OF FACT

1. The Veteran submitted a claim for entitlement to service connection for a lumbar spine disability in 1974, which was properly denied and not appealed by the Veteran within one year.

2. The Veteran reopened a claim for a lumbar spine disability in November 1976.

3. The Veteran’s sciatica/radiculopathy of the left lower and right lower extremities are secondarily service connected to his lumbar spine disability.

4. The Veteran’s radiculopathy of the right lower extremity was not diagnosed until July 2013.

5. Prior to July 8, 2013, the Veteran’s lumbar spine disorder has been characterized by pain and limitation of motion with forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; a combined range of motion of the thoracolumbar spine not greater than 120 degrees, or muscle spasm or guarding severe enough to result in abnormal gait or abnormal spinal contour such as scoliosis, revered lordosis, or abnormal kyphosis, and/or intervertebral disc syndrome have not been shown.

6. After July 8, 2013, the Veteran’s lumbar spine disorder has been characterized by pain and limitation of motion with forward flexion of the thoracolumbar spine greater than 30 but not greater than 60 degrees; favorable ankylosis of the entire thoracolumbar spine, or intervertebral disc syndrome with incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months, have not been shown.

7. Throughout the entire period on appeal, the Veteran’s left lower extremity radiculopathy was characterized by “moderate” incomplete paralysis of the sciatic nerve.

8. Throughout the entire period on appeal, the Veteran’s left lower extremity radiculopathy was characterized by “mild” incomplete paralysis of the sciatic nerve.

9. The Veteran died in February 2017. The appellant is the Veteran’s surviving spouse. 

10. At the time of his death, the Veteran was not owed any additional benefits.

11. The appellant was awarded $1049.00 in May 2017 for some funeral and plot costs. 

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to November 9, 1976 for a lumbar spine disorder, for accrued benefits purposes, have not been met. 38 U.S.C. § 5103; 5103A; 5110; 7104; 38 C.F.R. § 3.400, 3.1000, 3.1010.

2. The criteria for an effective date prior to November 9, 1976 for sciatica/radiculopathy of the left lower extremity, secondary to a lumbar spine disability, for accrued benefits purposes, have not been met. 38 U.S.C. § 5103; 5103A; 5110; 7104; 38 C.F.R. § 3.400, 3.1000, 3.1010.

3. The criteria for an effective date prior to July 8, 2013, for radiculopathy of the right lower extremity, secondary to a lumbar spine disability, for accrued benefits purposes, have not been met. 38 U.S.C. § 5103; 5103A; 5110; 7104; 38 C.F.R. § 3.400, 3.1000, 3.1010.

4. The criteria for an initial rating in excess 10 percent for a lumbar spine disorder prior to July 8, 2013, and in excess of 20 percent thereafter, for accrued benefits purposes, have not been met. 38 U.S.C. §§ 5103; 5103A; 5110; 7104, 5103A; 7104; 38 C.F.R. §§ 3.159, 3.307, 3.309(e), 3.1000, 3.1010, DC 5242.

5. The criteria for an initial rating in excess of 20 percent for left lower extremity radiculopathy, for accrued benefits purposes, have not been met. 38 U.S.C. §§ 5103; 5103A; 5110; 7104, 5103A; 7104; 38 C.F.R. §§ 3.159, 3.307, 3.309(e), 3.1000, 3.1010, DC 8520.

6. The criteria for an initial rating in excess of 10 percent for right lower extremity radiculopathy, for accrued benefits purposes, have not been met. 38 U.S.C. §§ 5103; 5103A; 5110; 7104, 5103A; 7104; 38 C.F.R. §§ 3.159, 3.307, 3.309(e), 3.1000, 3.1010, DC 8620.

7. The appellant has no legal entitlement to additional accrued benefits. 38 U.S.C. §§ 101, 5121; 38 C.F.R. §§ 3.57, 3.1000.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from October 1957 to October 1960. The Veteran passed away in February 2017. The appellant is the Veteran’s surviving spouse. 

This case returns to the Board of Veteran’s Appeals (Board) after a remand decision was previously issued by the Board in November 2018. The Board remand instructions for the above issues was for the Regional Office (RO) to issue a Statement of the Case (SOC) in compliance with Manlincon v. West. See Manlincon v. West, 12 Vet. App. 238 (1999). The Board finds that the RO substantially complied with the remand instructions in that an SOC has been issued for the above claims. 

Earlier Effective Dates

In general, the effective date for the grant of service connection based upon an original claim or a claim reopened after final disallowance is either the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service; otherwise it will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. §§ 3.400 (b)(2)(i), (ii).

1. An effective date prior to November 9, 1976, for a lumbar spine disorder, for accrued benefits purposes 

2. An effective date prior to November 9, 1976, for sciatica/radiculopathy of the left lower extremity secondary to a lumbar spine disability, for accrued benefits purposes

3. An effective date prior to July 8, 2013, for radiculopathy of the right lower extremity secondary to a lumbar spine disability, for accrued benefits purposes

The appellant claims that the Veteran was entitled to earlier effective dates for his service-connected lumbar disability, left lower extremity radiculopathy, and right lower extremity radiculopathy at the time of his death. 

In the present case, the Veteran’s lumbar and left lower extremity radiculopathy disabilities are service-connected with an effective date of November 9, 1976, while his right lower extremity radiculopathy disability is service-connected with an effective date of July 8, 2013. Both of the Veteran’s right and left lower extremity disabilities are secondarily service connected to his lumbar spine disability. 

The appellant’s argument is that the Veteran’s disabilities should be service connected with an effective date of May 1959, which is when the Veteran was involved in a car accident, which has been previously claimed as the origin of his lumbar disability. 

Lumbar Disability

In this case, the Board finds that the Veteran’s service-connected lumbar disability, left lower extremity radiculopathy, and right lower extremity radiculopathy cannot be given effective dates prior to those that have already been issued. 

The Veteran first filed a claim for service connection for a lumbar disability in January 1974, this claim was denied by the RO in a March 1974 rating decision. The Veteran did not submit a notice of disagreement (NOD), an appeal, or any new and material evidence within a year from the denial and as such, that rating decision became final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104, 3.156, 20.1103; see also Bond v. Shinseki, 659 F.3d 1362, 1367-68 (Fed. Cir. 2011); see also Buie v. Shinseki, 24 Vet. App. 242 (2011). The Veteran did not attempt to reopen the finalized 1974 claim, but instead, filed a new claim for service connection for his lumbar disability in 1976. Moreover, clear and unmistakable error has not been claimed in this case in regard to the first denial of the Veteran’s lumbar disability. Due to the finality of the previous RO’s decisions, the earliest effective date statutorily available to the Veteran is the date that is already assigned, November 9, 1976, the Veteran’s most recent service connection claim for a lumbar disability.

Moreover, there is no indication that there was an intent to file a new claim in the year prior to November 9, 1976. In fact, there are no documents in the record at all from this period. Therefore, no change to the assigned effective date is warranted. 

Left Lower Extremity Radiculopathy

The Veteran was service connected for left lower extremity radiculopathy, secondary to his lumbar disability, in an April 2016 rating decision and assigned an effective date of November 9, 1976 in a May 2019 rating decision. 

Given that the Veteran’s left lower extremity radiculopathy is secondary to his lumbar disability, the Board finds that the assignment of a date earlier than his lumbar disability is not warranted. 

Specifically, the Veteran’s lumbar disability has an effective date of November 9, 1976, and given that the Veteran’s left lower extremity radiculopathy is secondarily connected via the lumbar disability, and that a grant of a date earlier than the primary disability would be inconsistent with 38 C.F.R. §§ 3.400 (b)(2)(i), (ii).

Right Lower Extremity Radiculopathy 

The Veteran was service connected for right lower extremity radiculopathy, secondary to his lumbar disability, in an April 2016 rating decision and assigned an effective date of July 8, 2013. The appellant has indicated their belief that the Veteran’s right lower extremity radiculopathy should be granted a date prior to July 8, 2013 to one that matches the effective date of the Veteran’s lumbar disability. 

In the present case, the Board finds that an effective date for the Veteran’s right lower extremity radiculopathy prior to July 8, 2013 is not warranted. 

First, the Board notes statements from the Veteran and the appellant from 2016 and 2018 indicating the possible presence of bilateral lower extremity radiculopathy in 1976. However, the evidence shows that the Veteran was evaluated for left leg symptoms in 1977, and an EMG was ordered to examine his left leg. Moreover, examinations were performed in January 1977 and December 1982 wherein there were no right leg symptoms noted, and a medical affidavit signed by the Veteran in September 1976 only mentions symptoms of the left leg, nothing is noted for the right. 

Additionally, the Veteran suffered a stroke in January 1998 which caused right leg hemiparalysis, however, the Veteran’s right leg radiculopathy was first documented at a July 2013 VA examination, and subsequently service connected with a July 8, 2013 effective date. Therefore, it is clear to the Board that the Veteran’s right lower extremity radiculopathy arose in July 2013 and given that the disability began well after the Veteran submitted the November 1976 claim, that an effective date prior to July 8, 1976 is not warranted as July 8, 2013 is the date the entitlement arose. 38 C.F.R. §§ 3.400 (b)(2)(i), (ii).

In conclusion, there is no basis on which to assign earlier effective dates for the Veteran’s lumbar disability, left lower extremity radiculopathy disability, or right lower extremity disability. The Veteran’s lumbar disability has been granted the earliest effective date possible under 38 C.F.R. §§ 3.400 (b)(2)(i), (ii), which is the date when he filed his claim. Moreover, the Veteran’s left leg disability, which is secondary to his lumbar disability has been granted the earliest date possible, congruent with the date given to his lumbar disability as there is evidence that he was experiencing symptoms in his left leg around that time. Finally, his right lower extremity radiculopathy has been granted the earliest date possible, as the entitlement to this disability first arose in 2013, and because that date is later than the date of the 1976 claim, that is the effective date, there is no indication of right leg radiculopathy prior to 2013. 

Thus, the Board concludes that November 9, 1976 is the proper effective date for service connection for the Veteran’s lumbar and left lower extremity radiculopathy disabilities, and that July 8, 2013 is the proper effective date for service connection for the Veteran’s right lower extremity radiculopathy disability. 

 Increased Ratings 

Disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. See 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. While the Board typically considers only those factors contained wholly in the rating criteria, it is appropriate to consider factors outside the specific rating criteria when appropriate in order to best determine the level of occupational and social impairment.

Where there is a question as to which of two separate evaluations shall be applied, the higher evaluation will be assigned if the disability more closely approximates the criteria required for that particular rating. 38 C.F.R. § 4.7. When a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the Veteran. 38 C.F.R. § 4.3.

Disability of the musculoskeletal system is primarily the inability, due to damage or infection in the parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. It is essential that the examination on which ratings are based adequately portray the anatomical damage, and the functional loss, with respect to all these elements.

The functional loss may be due to absence of part, or all, of the necessary bones, joints and muscles, or associated structures, or to deformity, adhesions, defective enervation, or other pathology, or it may be due to pain, supported by adequate pathology and evidenced by visible behavior of the claimant undertaking the motion. Weakness is as important as limitation of motion, and a part that becomes painful on use must be regarded as seriously disabled. 38 C.F.R. §§ 4.10, 4.40, 4.45; see also DeLuca v. Brown, 8 Vet. App. 202 (1995). The provisions of 38 C.F.R. § 4.14 (avoidance of pyramiding) do not forbid consideration of a higher rating based on greater limitation of motion due to pain on use, including during flare-ups.

Furthermore, the intent of the rating schedule is to recognize painful motion with joint or periarticular pathology as productive of disability. Thus, actually painful, unstable, or malaligned joints, due to healed injury, are as entitled to at least the minimum compensable rating for the joint. The joints should be tested for pain on both active and passive motion, in weight-bearing and non-weight-bearing and, if possible, with the range of the opposite undamaged joint. See 38 C.F.R. § 4.59.

The appellant claims that the Veteran was entitled to earlier increased ratings for his service-connected lumbar disability, left lower extremity radiculopathy, and right lower extremity radiculopathy at the time of his death.

4. Entitlement to a rating in excess of 10 percent for a lumbar spine disorder prior to July 8, 2013, and in excess of 20 percent thereafter, for accrued benefits purposes

The Veteran’s lumbar disability has been assigned a rating of 10 percent prior to July 8, 2013 and a rating of 20 percent thereafter under DC 5242, previously rated under DC 5285-5292 (Lumbar Strain). 38 C.F.R. § 4.71a.

Prior to July 8, 2013

The Board notes that prior to 2003, the Veteran’s back disability was rated under DC 5285-5292, addressing lumbar strain. Those DCs no longer exist in the rating schedule. 

Under DC 5242 a rating in excess of 10 percent is warranted for a lumbar spine disability when the evidence shows:

• Forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees (20 percent);

• A combined range of motion of the thoracolumbar spine not greater than 120 degrees (20 percent);

• Muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis (20 percent);

• Intervertebral disc syndrome (IVDS) with incapacitating episodes having a total duration of at least 2 weeks but less than 4 weeks during the past 12 months (20 percent).

38 C.F.R. § 4.71a.

Under DC 5285-5292 a rating in excess of 10 percent is warranted for a lumbar spine disability when the evidence shows moderate limitation of motion of the lumbar spine (20 percent). DC 5285-5292 38 C.F.R. § 4.71a.

While the Veteran’s claim was filed before the application of the new DCs, the Board finds that the post-2003 DC (5242) is more favorable to the Veteran and will thus be utilized to evaluate the Veteran’s lumbar disability prior to 2003. 

Based on the evidence of record, a rating in excess of 10 percent prior to July 8, 2013, is not warranted.

Specifically, at a January 1977 VA examination, the Veteran reported having back pain, which was worse when it was cold and/or rainy. On examination, the Veteran displayed forward flexion to 80 degrees. The examiner did not indicate the presence of functional loss, specifically, the Veteran’s gait was indicated as normal. There was no ankylosis, incapacitating episodes, or IVDS observed. Additionally, the Veteran did not display muscle spasm or guarding, and abnormal spinal contour was not noted. 

There was also no evidence in the Veteran’s treatment records to support a rating more than 10 percent. The Board notes that scans of the Veteran’s back in 1993 revealed disc degeneration and a herniated disc of the L4-L5 vertebra, however, there is no indication that this diagnosis reflected any worsening of the Veteran’s symptoms during the period prior to July 8, 2013. Of note, while the Veteran’s medical treatment records, including from March 1988, November 1992 and February 2012, reflect chronic back pain, there was no evidence to warrant a higher rating based upon limitation of motion, incapacitating episodes of IVDS, and/or abnormal gait/spinal contour. 

Therefore, a rating in excess of 10 percent is not for application.

Since July 8, 2013

As of July 8, 2013, the Veteran’s lumbar disability had been assigned a rating of 20 percent under DC 5242. 38 C.F.R. § 4.71. 

Under DC 5242 a rating in excess of 20 percent is warranted for a lumbar spine disability when the evidence shows:

• Forward flexion of the thoracolumbar spine to 30 degrees or less (40 percent);

• Favorable ankylosis of the entire thoracolumbar spine (40 percent); or,

• Intervertebral disc syndrome (IVDS) with incapacitating episodes have a total duration of at least 4 weeks but less than 6 weeks during the past 12 months (40 percent).

DC 5242 38 C.F.R. § 4.71a.

Based on the evidence of record, the Board determines that a rating in excess of 20 percent as of July 8, 2013 is not warranted.

In this case, at a July 2013 VA examination, the Veteran reported worsening back pain, and muscle spasms that limited his activities of daily living. The Veteran displayed forward flexion to 45 degrees, with no evidence of ankylosis or incapacitating episodes of IVDS. While the examiner indicated functional loss of the Veteran’s spine, he indicated that the Veteran’s prior stroke had caused more of it, including the Veteran’s use of a wheelchair and walker. The examiner also noted pain on movement, and reduced functionality with repetitive testing, however, the examiner indicated that the Veteran’s right hemiparesis (caused by his stroke) was likely the cause. 

There was also no evidence in the Veteran’s treatment records, including from November 2014, September 2016, November 2016 and January 2016, to support a rating in excess of 20 percent based upon limitation of motion or incapacitating episodes of IVDS. Notably, the Veteran’s November 2016 medical treatment record reported no spine tenderness, no weakness, and good range of motion. Therefore, a rating in excess of 20 percent is not for application.

5. An initial rating in excess of 20 percent for left lower extremity radiculopathy, secondary to a lumbar spine disability, for accrued benefits purposes

The Veteran’s left lower radiculopathy disability has been assigned a rating of 20 percent for the entire period on appeal under DC 8520. 38 C.F.R. § 4.71a.

Under DC 8520 a rating in excess of 20 percent is warranted for a radiculopathy when the evidence shows: moderately severe incomplete paralysis of the sciatic nerve (40 percent). DC 8520 38 C.F.R. § 4.124a.

Based on the evidence of record, the Board determines that an initial rating in excess of 20 percent for the Veteran’s left leg radiculopathy is not warranted for the period on appeal.

In this case, at a January 1977 VA examination, the Veteran reported some tingling and numbness in his left leg, however an EMG performed to examine his leg in 1976 showed no indication of radiculopathy in left leg. Similarly, at a July 2013 VA examination the Veteran indicated radicular pain and numbness that the examiner noted as mild. Moreover, the examiner noted that the severity of the Veteran’s left leg radiculopathy as “mild”. 

There was also no evidence in the Veteran’s treatment records to support a rating in excess of 20 percent based upon symptoms that would be noted as “moderately-severe”. Therefore, an initial rating in excess of 20 percent is not for application during the period on appeal.

6. An initial rating in excess of 10 percent for right lower extremity radiculopathy, secondary to a lumbar spine disability, for accrued benefits purposes

The Veteran’s right lower extremity radiculopathy disability has been assigned a rating of 10 percent for the entire period on appeal under DC 8620. 38 C.F.R. § 4.124a.

Under DC 8620 a rating in excess of 10 percent is warranted for radiculopathy when the evidence shows: incomplete paralysis that is moderate in nature (20 percent). DC 8620 38 C.F.R. § 4.124a.

Based on the evidence of record, the Board determines that an initial rating in excess of 10 percent is not warranted for the period on appeal.

In this case, at a July 2013 VA examination the Veteran indicated radicular pain and numbness that the examiner noted as mild for the Veteran’s right leg. Moreover, the examiner noted that the severity of the Veteran’s right leg radiculopathy as “mild”. 

There was also no evidence in the Veteran’s treatment records, to support an initial rating in excess of 10 percent based upon the Veteran’s radicular symptoms, there is no indication that the Veteran’s right lower extremity radiculopathy was ever more than “mild” in severity. Therefore, a rating in excess of 10 percent is not for application for the period on appeal.

When considering these ratings, the Board has considered the impact of functional loss in the Veteran’s back due to flare-ups of pain, fatigability, incoordination, pain on movement, and weakness. 38 C.F.R. §§ 4.40, 4.45, 4.59; DeLuca v. Brown, 8 Vet. App. 206 -07 (1995). In this case, the Veteran has complained that he is limited in performing activities of daily living due to fatigue, pain, and weakness. However, while the Veteran experiences the aforementioned symptoms, overall, it does not appear that these symptoms result in additional and significant functional loss, and his complaints are adequately contemplated in the ratings he currently receives. See Sharp v. Shinseki, 29 Vet. App. 26 (2017); Mitchell v. Shinseki, 25 Vet. App. 32, 37-43 (2011) (pain must affect some aspect of the normal working movements of the body such as strength, speed, coordination or endurance). Here, the July 2013 VA examiner specifically did not find any additional loss of motion, repetitive testing, or weight bearing that would warrant a higher rating.

Next, when evaluating the extent of the Veteran’s back disability, the Board is required to consider whether a separate evaluation is warranted for any associated neurological abnormality including, but not limited to, bowel or bladder impairment, neurological impairment in the extremities or other such disorders, which are to be evaluated under the appropriate diagnostic code. See 38 C.F.R. § 4.71 (a). Here, as discussed, in July 2013, the RO granted an increased rating for the Veteran’s bilateral lower extremities and assigned a 20 percent rating for the left leg and granted a 10 percent rating for the right leg, effective November 9. 1976 and July 8, 2013 respectively. Further, with respect to any other neurological abnormalities, the medical evidence does not document any other associated neurological impairments related to his lumbar spine disability during the period on appeal. Specifically, the Veteran’s July 2013 VA examination did not reveal any other neurological impairments related to his service-connected back disability that would warrant a separate rating, nor did the Veteran report any other symptoms. 

 

In conclusion, the Veteran’s symptoms related to his service-connected lumbar disability, left lower extremity radiculopathy, and right lower extremity radiculopathy disabilities do not indicate that higher ratings are warranted for any of the periods on appeal, and that they were adequately compensated for their severity during those periods. The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.

 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Q. Hernan, Associate Counsel