﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200401-121280
DATE: April 30, 2021

ORDER

Entitlement to an effective date prior to July 20, 2010 for the grant of special monthly compensation (SMC) based on housebound status is denied.

FINDING OF FACT

The Veteran did not have a single service-connected disability rated as 100 percent disabling, and his award of a total rating based on individual unemployability (TDIU) was not based on a single service-connected disability.

CONCLUSION OF LAW

The criteria for an effective date prior to July 20, 2010 for the grant of SMC based on housebound status have not been met. 38 U.S.C. §§ 1114(s), 5107; 38 C.F.R. §§ 3.102, 3.350(i), 3.401(a)(1).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from October 1967 to December 1970. The Veteran died in November 2020, and the Appellant is his surviving spouse who has been recognized as the valid substitute claimant.

A rating decision was issued under the legacy system in February 2018, which denied entitlement to SMC. In February 2019, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in March 2019, which is the decision on appeal. 

The March 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

Regarding the issue on appeal, the Board notes that there is some ambiguity as to the period on appeal. Specifically, the decision line of the rating decision stated that entitlement to SMC based on housebound criteria was granted effective July 20, 2010. In contrast, the rating decision code sheet indicated that entitlement to SMC was granted from July 28, 2015. Notwithstanding the code sheet, the April 2019 notification letter, March 2019 award print, and March 2019 retroactive payment calculator indicate that SMC compensation was paid from August 1, 2010, the first day of the first month following the grant of the award. Thus, the Board has framed the issue as entitlement to an effective date prior to July 20, 2010 for the grant of SMC. 

 

Entitlement to an effective date prior to July 20, 2010 for the grant of SMC based on housebound criteria 

The representative asserts that the Veteran was entitled to an earlier effective date for the grant of SMC based on housebound criteria. Specifically, he asserts that the Veteran satisfied the criteria for statutory housebound benefits because his service-connected hearing loss disability alone, which was rated as 50 percent disabling, prevented him from obtaining and maintaining gainful employment. As such, he contends, the Veteran’s hearing loss meets the criteria for a single service-connected disability rated as totally disabling. See June 2018 VA Form 21-0958. 

Under the applicable regulation, the effective date of an award of SMC is generally the date of receipt of the claim or date entitlement arose, whichever is later (except as provided in 3.400(o)(2)). See 38 C.F.R. § 3.401(a)(1). However, the regulation also provides that when an award of pension or disability compensation based on an original or reopened claim is effective for a period prior to the date of receipt of the claim, additional pension or disability compensation payable by reason of need for aid and attendance or housebound status shall also be awarded for any part of the award's retroactive period for which entitlement to the additional benefit is established. Id. 

The term “date entitlement arose” is not expressly defined. However, it has been interpreted as the date when the claimant met the requirements for the benefit sought. This is determined on a “facts found” basis. See 38 U.S.C. § 5110(a) (2012); McGrath v. Gober, 14 Vet. App. 28, 35 (2000). These “facts found” may include the date the disability first manifested and the date entitlement to benefits was authorized by law and regulation. See 38 C.F.R. § 3.400.

Under applicable regulation, SMC may be awarded at the housebound rate if a veteran has a single service-connected disability rated as total (100 percent disabling) and (1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or (2) by reason of service-connected disability or disabilities, is permanently housebound. 38 U.S.C. § 1114(s) (2012); 38 C.F.R. § 3.350(i) (2020). The Court of Appeals for Veterans Claims (Court) has held that a TDIU premised on a single disability may satisfy the requirement for a single service-connected disability rated as total for establishing entitlement to SMC under 38 U.S.C. § 1114(s). See Bradley v. Shinseki, 22 Vet. App. 280, 293 (2008); see also Buie v. Shinseki, 24 Vet. App. 242, 249-250 (2010).

After reviewing the evidence of record, the Board finds that an effective date prior to July 20, 2010 is not warranted for the award of SMC housebound benefits. As an initial matter, as will be discussed in more detail below, at no time prior to his death did the Veteran meet the statutory requirements for schedular-based housebound benefits. The Board notes that the March 2019 rating decision made conflicting findings in this regard. Specifically, it stated that SMC based on housebound criteria being met was granted from July 20, 2010 but also stated that SMC housebound benefits were denied because the Veteran did not meet the criteria for housebound benefits because he did not have a single disability evaluated as 100 percent disabling under a schedular evaluation and his grant of TDIU was not based on a single disability. Therefore, to the extent that the AOJ’s conflicting findings could be construed as a favorable finding that the Veteran met the criteria for housebound benefits based on the presence of a single service-connected disability rated as total, that finding was clearly erroneous and is not binding. See 38 U.S.C. § 5104A.

At the time of his death service connection was in effect for bilateral hearing loss, rated as 50 percent disabling; a right knee disability associated with bilateral hearing loss, rated 10 percent disabling; post-phlebitic syndrome left leg associated with bilateral hearing loss, rated 10 percent disabling; depression associated with bilateral hearing loss, rated as 50 percent disabling; diabetes mellitus, rated as 20 percent disabling; and coronary artery disease, rated as 60 percent disabling. See March 2019 rating decision code sheet. Accordingly, at no time did the Veteran have a single disability with a 100 percent schedular rating. 

The Board acknowledges that the Veteran was awarded a TDIU. While the representative asserts that the Veteran’s hearing loss alone precluded employability and therefore he met the requirement of a single 100 percent disability, the April 1999 rating decision granted entitlement to a TDIU based on the combined effect of the Veteran’s service-connected hearing loss and depression. See April 1999 rating decision (granting TDIU “as a result of service-connected disabilities” and noting that the Veteran’s psychiatric symptoms were a “severe impairment in the ability to obtain or retain employment”). This fact that was expressly conceded by the representative. See April 2020 VA Form 10182 (“On April 30, 1999, VA granted…a TDIU rating…based on his combined service connected disabilities of bilateral hearing loss, evaluated at 50 percent disabling and depression, evaluated at 50 percent disability”). As such, the Veteran’s TDIU cannot satisfy the requirement for a single service-connected disability rated as total for establishing entitlement to SMC under 38 U.S.C. § 1114(s). See Bradley v. Shinseki, 22 Vet. App. 280, 293 (2008); see also Buie v. Shinseki, 24 Vet. App. 242, 249-250 (2010). Furthermore, although the Veteran’s depression, right knee disability, and left leg post-phlebitic syndrome were all related to his bilateral hearing loss and thus, could be considered with his hearing loss as “one disability” under 38 C.F.R. § 4.16(a) to establish a TDIU, such disabilities may not serve as “a service-connected disability rated as total” for the purpose of establishing eligibility for SMC under 38 U.S.C. § 1114(s). See Youngblood v. Wilkie, 31 Vet. App. 412 (2019).

The Board acknowledges the representative’s assertion that the Veteran’s bilateral hearing loss alone precluded gainful employment. Nevertheless, that assertion is inconsistent with the procedural and evidentiary record, including the representative’s prior statements during the pendency of the Veteran’s TDIU claim. See e.g., March 1998 and March 1999 VA Forms (stating that his hearing loss and mental disabilities precluded employment); February 1998 representative’s correspondence (reporting that the Veteran is unemployable as a result of his hearing loss, depression, and leg injuries); February 2012 representative’s correspondence (proposing a finding of fact that the Veteran’s service-connected bilateral hearing loss and depression rendered him incapable of substantially gainful employment); October 2012 notice of disagreement from representative (noting that the Veteran was unable to secure or follow gainful employment due to his service connected disabilities, namely his hearing loss and “severely” disabling depression). As the Veteran did not have a single service-connected disability rated as totally disabling, the claim for an effective date prior to July 20, 2010 for statutory housebound status must be denied. 

While SMC housebound benefits may also be granted if a Veteran is permanently housebound by reason of service-connected disability or disabilities, neither the Veteran, Appellant, nor the representative has asserted that the Veteran was permanently housebound. Regardless, the threshold requirement for SMC housebound is a single 100 percent disability. As discussed above, the Veteran did not have a single service-connected disability rated as totally disabling.

The Board acknowledges that in his April 2020 correspondence, the representative asserted that VA failed to satisfy its duty to notify, as the April 2019 correspondence did not notify him concerning the issue being decided that “service connected disability from his bilateral hearing loss, alone, was at least as likely as not the cause of his" unemployability between July 29, 2001 to July 28, 2014”. However, that was not the issue decided; what was decided was “[e]ntitlement to special monthly compensation based on housebound criteria being met is granted from July 20, 2010.” Although the rating decision discussion is inconsistent in whether the claim was a grant versus denial, the decision clearly noted that both service connected depression and hearing loss were being considered in the decision. At no point was the question of whether hearing loss was sufficient to cause unemployability in and of itself addressed. The representative is attempting to change the issue addressed, then arguing he was not properly notified of said issue. 

Even assuming arguendo, that the representative’s assertions as to insufficient notice were persuasive, a remand is not warranted as correcting the alleged notice errors would not “have a reasonable possibility of aiding in substantiating the [A]ppellant’s claim.” See 38 C.F.R. § 20.802(a) (2020). Indeed, the representative received the notice, to include the rating decision, and was able to formulate extensive argument regarding what he believes the notice should have said. The representative’s example of what the notice and decision should say reflects his understanding of the legal and factual requirements for the benefit being sought. Accordingly, to the extent there is a notice deficiency, there is no prejudice in adjudication of the appeal. 

In sum, in the absence of a single disability rated as 100 percent disabling, the criteria for an effective date prior to July 20, 2010 for the grant of SMC at the housebound rate have not met and the claim must be denied. 38 C.F.R. § 3.401(a)(1). 

 

 

K. A. BANFIELD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Anderson

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.